IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL J. MITCHELL,

       Plaintiff,                      CV F 04 5168 AWI WMW P

       vs.                              ORDER DISMISSING COMPLAINT
                                       WITH LEAVE TO AMEND

J. MIRO, et al.,

       Defendants.

       Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the first amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at CSP Sacramento, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at Corcoran State Prison.

       Plaintiff claims that he was subjected to inadequate medical care such that it violated the Eighth Amendment's prohibition of cruel and unusual punishment. Plaintiff claims generally that he was denied medical care and subjected to inadequate medical care, but he does not

specifically charge any individual defendant with conduct that amounts to deliberate indifference.

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must examine whether the plaintiff's medical needs were serious. See Id. Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132.

Plaintiff has failed to allege such facts in this case. The complaint must therefore be dismissed. Plaintiff will, however, be granted leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

1      In addition, plaintiff is informed that the court cannot refer to
2 a prior pleading in order to make plaintiff's amended complaint complete.
3 Local Rule 15-220 requires that an amended complaint be complete in
4 itself without reference to any prior pleading.  This is because, as a
5 general rule, an amended complaint supersedes the original complaint.
6 See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an
7 amended complaint, the original pleading no longer serves any function in
8 the case.  Therefore, in an amended complaint, as in an original complaint,
9 each claim and the involvement of each defendant must be sufficiently
10 alleged.
11      In accordance with the above, IT IS HEREBY ORDERED that:
12      1.  Plaintiff's first amended complaint is dismissed; and
13      2.  Plaintiff is granted thirty days from the date of service of
14 this order to file a second amended complaint that complies with the
15 requirements of the Civil Rights Act, the Federal Rules of Civil Procedure,
16 and the Local Rules of Practice; the amended complaint must bear the
17 docket number assigned this case and must be labeled "Second Amended
18 Complaint."  Failure to file an amended complaint in accordance with this
19 order will result in a recommendation that this action be dismissed.
20
21 IT IS SO ORDERED.
22 **Dated:   August 13, 2007**            /s/  William M. Wunderlich
                                        UNITED STATES MAGISTRATE JUDGE